IN THE UNITED STATES FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI


UNITED STATES OF AMERICA

VS.                                                      CIVIL ACTION NO.: 1:08CR23

JOHN KAPENEKAS


## ORDER

This cause comes before the court on the motion of petitioner John Kapenekas to

vacate and set aside his guilty plea, conviction and sentence pursuant to 28 U.S.C. § 2251.   On

September 24, 2008, petitioner pleaded guilty to three counts of a five-count indictment which

alleged, among other things, that he had coerced and enticed a fourteen-year-old minor to engage

in sexually explicit conduct for the purposes of producing pornography.  On January 8, 2009, this

court sentenced petitioner to, *inter alia*, a term of one hundred eighty (180) months on each of

the three counts, with the terms to be served concurrently.  In his motion to vacate, petitioner

argues that his offenses were insufficiently charged and that they did not invoke federal

jurisdiction under the Commerce Clause of the U.S. Constitution.  Petitioner further contends

that his plea agreement was breached when he failed to pursue an appeal of the denial of a

suppression motion, which appeal the plea agreement specifically allowed him to pursue.  As to

both contentions, the court finds the arguments presented by the government to be persuasive and

concludes that the motion should be denied.

Petitioner was charged in a seven count indictment. Counts One, Two, Three and Four

charged that between April 28, 2007 and May 2, 2007, Petitioner

did knowingly employ, use, coerce and entice a 17-year-old minor female to engage in sexually explicit conduct for the purpose of producing visual depictions of said sexually explicit conduct, using materials that had been mailed, shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2256(2)(A).

Counts Five, Six and Seven charged that between March 2, 2007 and July 27, 2007, Petitioner

did knowingly employ, use, coerce and entice a 14-year-old minor female to engage in sexually explicit conduct for the purpose of producing visual depictions of said sexually explicit conduct, using materials that had been mailed, shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2256(2)(A).

In his brief, petitioner contends that since no count alleged that he knew or had "reason to know that such visual depictions will be transported in interstate or foreign commerce or mailed," the indictment "did not meet the constitutional requirements of due process" and "failed to invoke the Court's jurisdiction."

As to this argument, the government notes that the indictment tracks the language of 28 U.S.C. § 2251, which provides that:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, **if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer**, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

(emphasis added). The government argues, and the court agrees, that this statutory language

encompasses cases such as this one, where "the images were produced using materials, such as

cameras, film, memory devices like memory sticks, SD chips or CDs, that had been shipped or

transported in interstate or foreign commerce."  In an affidavit, Lee County Investigator Scott

Reedy noted that the cameras and flash cards used to manufacture the photos at issue in this case

were manufactured in China and therefore necessarily had to have traveled in interstate

commerce.

In arguing to the contrary, defendant mis-states the Fifth Circuit's holding in *U.S. v.

Runyan*, 290 F.3d 223 (5th Cir. 2002), where the court actually <u>affirmed</u> the defendant's

conviction for sexual exploitation of a child under 28 U.S.C. § 2251 but reversed his conviction

for distribution and possession of child pornography under 18 U.S.C. § 2252A.  Defendant seizes

upon dicta in *Runyan* in which the Fifth Circuit gave non-exhaustive examples of the sort of

conduct that would support a conviction under § 2251.  *See Runyan*, 290 F.3d at 243.  At this

point in its opinion, the Fifth Circuit had already determined that the defendant's § 2251

conviction should be affirmed, and it seems clear that the court was merely comparing and

contrasting specific elements of the two statutes, without intending to provide a thorough

discussion of the contexts under which a conviction under § 2251 might be supported.[1]  The

language of § 2251 is abundantly clear that a conviction may be supported if the pornography

"was produced or transmitted using materials that have been mailed, shipped, or transported in or

_____

[1] Petitioner also cites *U.S. v. Reinhart*, 357 F.3d 521, 526 (5th Cir. 2004), a case which is
clearly distinguishable from this one since the Fifth Circuit emphasized that "[a]t the outset, we
note that none dispute that Reinhart played no role in the creation of the videotape."  The Fifth
Circuit's subsequent discussion of § 2251 thus related to the portions of the statute which might
arguably impose liability in spite of this fact, and the court's analysis was clearly not intended as
an exhaustive discussion of the statute in all factual contexts.

affecting interstate or foreign commerce by any means, including by computer," and there is no

way in which this language can simply be disregarded, as petitioner seeks for this court to do.

Individuals who personally exploit a minor in order to produce pornography under 28

U.S.C. § 2251, as petitioner has pleaded guilty to doing, arguably present an even greater threat

to society than those individuals who distribute child pornography produced by others. In cases

such as this one, the court has little doubt that Congress intended to (and actually did) draft §

2251 as broadly as possible within Constitutional limits, and the court has little doubt that the

Fifth Circuit would apply this statutory language as written in an appropriate case. This

conclusion is supported by an unpublished Fifth Circuit opinion which, petitioner acknowledges,

supports the government's interpretation of § 2251, *see U.S. v. Upchurch*, 88 Fed. Appx. 794

(5th Cir. 2004), as well as by persuasive authority from other circuits.

In *U.S. v. Morales-de Jesus*, 372 F.3d 6, 11 (1st Cir. 2004), for example, the First Circuit

Court of Appeals noted the legislative history of the § 2251 provision at issue, writing that:

> Finally, Congress amended the Act again in 1998, establishing jurisdiction for the
> production of child pornography if the "visual depiction was produced using
> materials that have been mailed, shipped, or transported in interstate or foreign
> commerce by any means," 18 U.S.C. § 2251(a), which is the provision now before
> us. Congress offered two reasons for this amendment. First, it wanted the new
> jurisdictional element of the production statute to mirror the existing jurisdictional
> element of the possession statutes. . . . Second, Congress was concerned about
> federal law enforcement's current inability to prosecute "a number of cases where
> the defendant produced the child pornography but did not intend to transport the
> images in interstate commerce."

*Morales-de Jesus* contains facts very similar to those here, since the defendant in that case "used

materials and equipment that had moved in interstate commerce to videotape ... sex acts" with a

minor. *See Morales-de Jesus*, 372 F.3d at 8. The defendant's actions in that case did not

otherwise implicate interstate commerce, but the First Circuit nevertheless affirmed his

conviction under § 2251, rejecting constitutional challenges in the process. *Id.* Under

petitioner's interpretation of § 2251, Congress's completely separate 1998 amendment to the

statute, supported by very strong public policy considerations, should simply be imagined out of

existence based upon a mis-reading of clearly distinguishable case law. The court has no doubt

that petitioner's interpretation of § 2251 is simply wrong and is unsupportable in light of the

statute's legislative history and its plain and unambiguous language. Petitioner's motion will

therefore be denied on this issue.

Petitioner's next point of argument is worthy of little discussion. In his brief, petitioner

argues that "[d]espite the plea bargain agreement providing for an appeal, the agreement was

breached when no appeal was taken from this Court's denial of Petitioner's motion to suppress

and Petitioner is, therefore, entitled to the relief sought so that the plea agreement can be

fulfilled." The plea agreement between petitioner and the government did permit him to appeal

this court's ruling on a motion to suppress, but appeals are obviously not self-executing.

Petitioner seems to suggest that it was the government's responsibility to file an appeal on his

behalf, but this argument borders on frivolous. Petitioner's motion to vacate or set aside his

guilty plea is therefore denied in its entirety.

SO ORDERED, this the 16th day of February, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**